IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRICK H. INGRAM, SR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-304-NJR |
| DR. F. AHMED, NICHOLAS R. LAMB, MICHAEL S. DEIMEL, J. FREEMAN, KEVIN KINK, MS. CUNNINGHAM, and DR. BROOKHART, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Kendrick H. Ingram, Sr., an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges he became ill after being subjected to unsanitary conditions in the cafeteria, and that Defendants failed to properly treat his associated gastrointestinal problems. In connection with these claims, he seeks monetary damages and injunctive relief (unspecified medical treatment), presumably at the close of the case.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: In July 2017, after being subjected to unsanitary conditions in the cafeteria, Plaintiff suffered from gastrointestinal symptoms (stomach pain,

1

excessive gas, and diarrhea). (Doc. 1, pp. 5,7). Plaintiff's first two requests for medical attention were ignored by unspecified individuals in the healthcare unit. (Doc. 1, p. 5). On August 1, 2017, Plaintiff was seen by a nurse (not a defendant in this action). The unspecified nurse refused to accept Plaintiff's stool sample and apparently failed to provide any treatment. *Id.* Over the next few weeks, Plaintiff lost 35 pounds and suffered from severe pain and gastrointestinal symptoms, including vomiting, diarrhea, and blood in his stool. *Id.* On August 25, 2017, after providing stool and urine samples to Dr. Ahmed, Plaintiff was diagnosed with an intestinal infection and was referred to an outside specialist. *Id.* Plaintiff was examined by the specialist on November 7, 2017 and was scheduled for a colonoscopy in February 2018. (Doc. 1, p. 6). Prior to the colonoscopy, Plaintiff was on a liquid diet for approximately 16 hours. After the colonoscopy was performed, Plaintiff was informed that officials at Lawrence should have had Plaintiff on a liquid diet for at least 48 hours prior to the procedure, and Plaintiff had to be scheduled for a second colonoscopy. *Id.* Dr. Ahmed subsequently apologized to Plaintiff for the mistake. *Id.*

On February 17 and 18, 2018, while waiting for his second colonoscopy, Plaintiff became ill and repeatedly requested emergency medical attention. *Id.* Officer Freeman ignored Plaintiff's repeated pleas for medical attention. *Id.* This placed Plaintiff in a "desperate situation" and resulted in Plaintiff being charged with staff assault. *Id.*

On February 19, 2018, Plaintiff went on a hunger strike. *Id.* He told Warden Kink and Major Wheeler that he wanted them to (1) reduce or strike the assault charge from his record; (2) "speed up" his colonoscopy appointment; and (3) give him a "special shop" so he would not have to endure unsanitary conditions in the cafeteria in the future. *Id.* Warden Kink and Major Wheeler granted two of his three requests. *Id.* Unfortunately, however, Plaintiff does not specify which requests were granted. *Id.* Plaintiff's second colonoscopy was performed on May 1, 2018, but there was no follow-up. The Complaint does not include any additional allegations regarding the alleged lack of follow-up.

Plaintiff seeks damages for the suffering he experienced from July 25, 2017, through May 1, 2018. (Doc. 1, pp. 6-7). He also seeks further medical treatment for the gastrointestinal symptoms he experienced because of unsanitary conditions in the cafeteria.

**Preliminary Dismissals**

Defendants Warden Lamb, Warden Brookhart, and Officer Deimel are not referenced in the body of the Complaint. Merely naming a party in the caption of a complaint is not enough to state a claim against him. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, Plaintiff's failure to assert a specific act of wrongdoing as to these individuals does not meet the personal involvement requirement necessary for § 1983 liability. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Accordingly, these Defendants will be dismissed from the Complaint without prejudice.

The body of the Complaint directs allegations against Major Wheeler and an unspecified nurse. These individuals, however, are not identified as defendants in the case caption or list of defendants. Accordingly, any claims Plaintiff intended to bring against Major Wheeler and the unspecified nurse are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into two counts:

> **Count 1:** From July 25, 2017, through May 1, 2018, Dr. Ahmed, Warden Kink, and Administrator Cunningham were deliberately indifferent to Plaintiff's serious medical condition in violation of the Eighth Amendment.
>
> **Count 2:** On February 17, 2018, and February 18, 2018, Officer Freeman was deliberately indifferent to Plaintiff's serious medical condition in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Count 1**

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

To state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). Plaintiff's claim fails on the second element. Although the Complaint suggests that between July 2017 and May 2018, one or more officials may have failed to appropriately treat his serious medical condition, it does not include allegations indicating that Dr. Ahmed, Administrator Cunningham, or Warden Kink failed to appropriately treat Plaintiff's medical condition or acted with the requisite state of mind regarding his medical care. Plaintiff claims that Dr. Ahmed and Administrator Cunningham are subject to liability because he was "under their care" during the relevant time. (Doc. 1, p. 6). But the mere fact that Dr. Ahmed oversaw Plaintiff's medical care and that Administrator Cunningham was responsible for medical care at the facility does not suffice to establish liability. *See Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Plaintiff also alleges that Dr. Ahmed apologized when he learned that Plaintiff was placed on a restricted diet for 16 hours prior to his initial colonoscopy (instead of the requisite 48 hours). The fact that Dr. Ahmed apologized after learning that *someone* made a mistake regarding Plaintiff's treatment, however, does not suffice to establish deliberate indifference.[2] Finally, as to Warden Kink, Plaintiff merely alleges that he inquired about Plaintiff's hunger strike and responded by granting some, but not all, of Plaintiff's demands. This in no way suggests deliberate indifference. For these reasons, Count 1 will be dismissed without prejudice for failure to state a claim for relief.[3]

**Count 2**

Plaintiff claims that in February 2018, following his first colonoscopy, he was still sick and was in need or urgent medical care. (Doc. 1, p. 6). He also claims that Officer Freeman ignored his repeated requests for medical treatment. These allegations are enough to allow Count 2 to proceed. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (deliberate indifference is manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed").

---

[2] The only other allegation as to Dr. Ahmed is that after examining Plaintiff in August 2017, Dr. Ahmed referred Plaintiff to an outside specialist. (Doc. 1, p. 5).
[3] Plaintiff's request for injunctive relief is tied to Count 1. Accordingly, that request is now moot.

# DISPOSITION

**IT IS HEREBY ORDERED** that **Counts 1** is **DISMISSED** without prejudice for failure to state a claim for relief.

**IT IS FURTHER ORDERED** that **Count 2** will proceed against **Freeman**.

**IT IS FURTHER ORDERED** that **Ahmed, Lamb, Deimel, Kink, Cunningham,** and **Brookhart** are **DISMISSED** without prejudice for failure to state a claim for relief. The Clerk of the Court is **DIRECTED** to terminate these individuals as defendants in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **Freeman**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 5, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify Defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, Defendant will enter his appearance and file an Answer to the Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed his Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.